```
01
02
03
04
05
06                      UNITED STATES DISTRICT COURT
07                     WESTERN DISTRICT OF WASHINGTON
                                 AT SEATTLE
08
    PETER F. TETLOW and DELILAH J.    )
09  WILLIAMS,                         )   CASE NO. C10-1323TSZ
                                      )
10              Plaintiffs,           )
                                      )   ORDER
11       v.                           )
                                      )
12  AURORA LOAN SERVICES LLC, et al., )
                                      )
13              Defendants.           )
14  _____ )

15
16      THIS MATTER comes before the Court on motions to dismiss brought by defendants
17  Aurora Loan Services LLC ("Aurora") and Quality Loan Service Corporation of Washington
18  ("Quality Loan"), docket no. 12, and defendants GMAC Mortgage LLC ("GMAC") and Mortgage
19  Electronic Registration System, Inc. ("MERS"), docket no. 15.  Having reviewed all papers filed
20  in support of and in opposition to each motion, the Court enters the following Order.
21
22
```

ORDER
PAGE -1

## Background

On April 6, 2005, plaintiffs Peter F. Tetlow and Delilah Jean Williams executed two Deeds of Trust, the senior one to secure a loan in the amount of $150,800, and the junior one to secure a loan in the amount of $37,700. Ex. A to Stearns Decl. (docket no. 13-1); Ex. A to GMAC & MERS Motion (docket no. 15-1). Both loans were from Lehman Brothers Bank, FSB. *Id.* The trustee under both Deeds of Trust is Coast Title and the beneficiary is MERS. *Id.* The property at issue is located at 1240 Ocean Shores Boulevard SW, in Ocean Shores, Washington. *Id.*

Plaintiffs instituted this action in August 2010, and filed an amended complaint in November 2010. The amended complaint, signed by each plaintiff as an "authorized agent" of a "utility," delineates four causes of action, one against each defendant. The amended complaint is almost incomprehensible and the exact nature of plaintiffs' claims remains unclear. Plaintiffs assert subject-matter jurisdiction as follows: (i) pursuant to admiralty or maritime law; (ii) under 42 U.S.C. §§ 1983, 1985, & 1986; (iii) under 18 U.S.C. § 1344; (iv) pursuant to "bank and commercial laws"; and (v) due to diversity of citizenship. Amended Complaint at ¶¶ 1 & 2 (docket no. 9). The Court is not persuaded that subject-matter jurisdiction presently exists.

## Discussion

At any time during the pendency of an action, the Court may sua sponte consider whether it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Glanton v. Harrah's Entm't, Inc.*, 297 Fed. Appx. 685, 686 (9th Cir. 2008). None of the grounds identified by plaintiffs in the amended complaint confer subject-matter jurisdiction over this case on this Court. This matter does not concern commerce, navigation, or any other activity on navigable waters, and it is not within the

Court's admiralty or maritime jurisdiction.  *See* Tobar v. United States, -- F.3d --, 2011 WL 1496987 at *3 (9th Cir. Apr. 21, 2011); Sinotrans Container Lines Co. v. N. China Cargo Servs., 380 Fed. Appx. 588, 589 (9th Cir. 2010).   The action does not and cannot allege any claim under 42 U.S.C. §§ 1983, 1985, or 1986.  *See* Ouzts v. Md. Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974) ("purely private conduct, no matter how wrongful, is not within the protective orbit of" § 1983); *see also* Sykes v. Cal. Dep't of Motor Vehicles, 497 F.2d 197, 200 (9th Cir. 1974) (to establish a claim under § 1985, a plaintiff must prove *inter alia* "that the defendants acted under color of state law and authority").   Plaintiffs are not authorized to initiate federal criminal proceedings, *see* U.S. Const. amend. V (requiring grand jury indictment), and therefore, 18 U.S.C. § 1344, which defines the offense of bank fraud, does not provide a basis for jurisdiction in this case.

Plaintiffs do not specify which "bank and commercial laws" are at issue in this case, but they make two passing references to the Truth in Lending Act ("TILA").   As indicated in both motions to dismiss, however, any claim under TILA would be time-barred.   15 U.S.C. §§ 1640(e) (one-year limit) & 1635(f) (three-year limit on rescission).   Finally, as to diversity jurisdiction, the amended complaint indicates that plaintiffs and at least one defendant, namely Quality Loan, are citizens of the same state, Washington, and therefore, the Court lacks subject-matter jurisdiction as to plaintiffs' allegations of fraud or other state law claims.   *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff" (emphasis in original)).   Quality Loan's role in the events at issue has not been adequately explained by either plaintiffs or defendants, and thus, the

Court cannot determine whether Quality Loan is a dispensable party that may be dropped from this litigation to preserve diversity jurisdiction.  *See* *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); *see also* Fed. R. Civ. P. 21.

**Conclusion**

For the foregoing reasons, the amended complaint is hereby DISMISSED without prejudice for lack of subject-matter jurisdiction.   Because diversity jurisdiction does not currently exist, the Court cannot rule on the merits of defendants' motions to dismiss, docket nos. 12 & 15, and those motions are STRICKEN as moot.   Plaintiffs may, within thirty (30) days of the date of this Order, file a motion to amend their complaint, along with a proposed amended complaint that identifies a basis for this Court's jurisdiction and provides a short and plain statement of their claim or claims showing that they are entitled to relief.   *See* Fed. R. Civ. P. 8(a).   Such motion to amend shall be noted for the fourth Friday after filing, and any response and/or reply shall be due in accordance with Local Rule CR 7(d)(3).   If no motion to amend is timely filed, this case will be closed.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record and to plaintiffs pro se.

DATED this 31st day of May, 2011.

Thomas S. Zilly
United States District Judge